

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 12, 1948

Mr. Gordon H. Lloyd
Executive Secretary
Employees Retirement System
Austin, Texas

Opinion No. V-570

Re: Eligibility of em-
ployees of the San
Jacinto Museum of
History Association
to be members of the
Employees Retirement
System of Texas.

Dear Mr. Lloyd:

Your request for an opinion of this department is as follows:

"Please advise if, in your opinion, the employees of the San Jacinto Museum of History Association are eligible for membership with the Employees Retirement System of Texas. These employees are engaged for the purpose of maintaining and operating the San Jacinto Memorial Monument and Museum."

Section 62(a) of Article 16 of the State Constitution provides, in part, that:

"The Legislature shall have the right to levy taxes to provide a Retirement, Disability, and Death Compensation Fund _for the appointive officers and employees of the State_; . ."
(Emphasis added throughout)

The Act passed by the 50th Legislature to carry Section 62(a) of Article 16 of the Constitution into effect is codified in Vernon's Civil Statutes as Article 6228a. The following are pertinent provisions of that Act:

"Section 1 . . .

"B. 'Department' shall mean any _department commission, institution, or_

agency of the State Government.

"C. 'Employee' shall mean any re-
gularly appointed officer or employee in
a department of the State . . .

"D.. 'Employer' shall mean the State
of Texas."

We quote a part of Senate Concurrent Resolu-
tion No. 535 of the 50th Legislature:

"Whereas, The San Jacinto Museum
of History Association, an organization
of patriotic Texans, under contract with
the Board of Control entered into pursu-
ant to Senate Concurrent Resolution No.
21 of the 46th Legislature, and also pur-
suant to Senate Concurrent Resolution No.
18 of the 47th Legislature, and also pur-
suant to Senate Concurrent Resolution No.
4, passed by the Regular Session of the
49th Legislature of Texas in 1945, has
had the care, custody and control of the
San Jacinto Memorial Monument and Tower
on the San Jacinto Battlefield since the
memorial tower was opened generally to
the public on April 21, 1939; has main-
tained and operated the same, and the
elevator therein, and the museum in the
base thereof, with funds raised by pub-
lic subscription making a small charge
for the use of the elevator and the sale
of souvenirs in and about said Memorial
Tower, all without cost or expense to
the State of Texas; and . . .

"Resolved, By the Senate and House
of Representatives concurring, that the
State Board of Control be authorized to
enter into a contract with the San Jacin-
to Museum of History Association, where-
by the care, custody and control of the
San Jacinto Memorial Tower will be given
to and continue in the San Jacinto Museum
of History Association until otherwise
provided by the Legislature, to be main-
tained in good order by said Association
without charge to the State of Texas,

and requiring the Association to make no charge to the public for entering said building or museum; and, be it further

"Resolved, That said contract shall provide that the San Jacinto Museum of History Association, subject to the approval of the Board of Control, shall have authority to sell souvenirs and operate a concession in and about said building and to make a reasonable charge, approved by the Board of Control, for the use of the elevator to the observation floor of the Memorial Tower; . . ."

The agreement or contract between the Museum Association and the Board of Control provided, in part, as follows:

"This Memorandum of Agreement made and entered into this day between the San Jacinto Museum of History Association an association incorporated under the laws of the State of Texas, Party of the First Part, and the State of Texas, acting by and through its Board of Control, Party of the Second Part, Witnesseth:

"Whereas, the 50th Legislature, by Senate Concurrent Resolution No. 35, authorized the State Board of Control to enter into a contract with the San Jacinto Museum of History Association, as follows: . . ."

To be eligible to participate in the Employees Retirement System benefits, a person must be an employee of the State of Texas. "Employee" has been defined in the Retirement Act as "any regularly appointed officer or employee in a department of the State . . ." "Department" has been defined in the Act as "any department, commission, institution or agency of the State Government." Clearly, the San Jacinto Museum of History Association is not a department within the provisions of Article 6228a. It is a corporation incorporated under the laws of our State. The employees of the Association are not employees of the State but of the Association itself. The contract between the Association and the State Board of Control,

entered into pursuant to authority given in Senate Concurrent Resolution No. 35 of the 50th Legislature, does not make the employees of the Association employees of the Board of Control.

They are not eligible, therefore, for membership in the Employees Retirement System.

## SUMMARY

Employees of the San Jacinto Museum of History Association are not employees of the State and therefore are not eligible for membership in the Employees Retirement System of Texas under the provisions of the present Act, Art. 6228a, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Clyde B. Kennelly
Assistant

CBK:mw

APPROVED:

Price Daniel
ATTORNEY GENERAL